## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 28 2016, 8:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Elgin Fidell,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 28, 2016

Court of Appeals Case No.
49A04-1511-CR-2002

Appeal from the Marion Superior Court

The Honorable Angela Davis, Judge

Trial Court Cause No.
49G16-1508-CM-28361

**Vaidik, Chief Judge.**

# Case Summary

Elgin Fidell appeals his conviction for battery of his former roommate, arguing that the State at most proved that the two engaged in "mutual combat." Finding that the State presented sufficient evidence to support the conviction, we affirm.

# Facts and Procedural History

The State charged Fidell with battery resulting in bodily injury, *see* Ind. Code § 35-42-2-1, based on an August 2015 incident involving Fidell's former roommate, Shyanne Tingle. At a bench trial, Tingle testified that she was walking down a street in Indianapolis when Fidell approached her and attacked her. She testified that Fidell grabbed her by the hair, choked her, and hit her in the face, causing pain and bruising to her eye. Two eyewitnesses (a husband and wife who were on their porch nearby) testified consistently with Tingle's account of the attack, and the police officer who had responded to the scene confirmed that Tingle's eye was red and swollen. The trial court found Fidell guilty and sentenced him accordingly.

Fidell now appeals.

# Discussion and Decision

Fidell challenges the sufficiency of the evidence supporting his conviction. In considering such a claim, we consider only the probative evidence and

reasonable inferences supporting the conviction. *Wilson v. State*, 39 N.E.3d 705, 716 (Ind. Ct. App. 2015), *trans. denied*. We do not reweigh the evidence or assess witness credibility. *Id.* We consider conflicting evidence most favorably to the conviction. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* The evidence is sufficient if an inference may reasonably be drawn from it to support the judgment. *Id.*

[5] In order to convict Fidell of battery resulting in bodily injury, the State was required to prove beyond a reasonable doubt that Fidell knowingly or intentionally touched Tingle in a rude, insolent, or angry manner and that Tingle was injured as a result. *See* I.C. § 35-42-2-1. Fidell does not challenge the sufficiency of the State's evidence on any particular element or elements. Rather, he argues generally that the State's evidence was insufficient to prove beyond a reasonable doubt "what occurred during the encounter between Mr. Fidell and Ms. Tingle." Appellant's Br. p. 12. We disagree.

[6] Tingle testified that Fidell approached her, grabbed her by the hair, choked her, and hit her in the face. She also testified that the hitting caused pain and bruising to her eye. Two people who were nearby and who witnessed the encounter testified consistently with Tingle's account. Finally, the police officer who responded to the scene bolstered the bodily-injury evidence when he confirmed that Tingle's eye was red and swollen. This testimony was more than sufficient to support the trial court's guilty finding.

Fidell asserts that, "at most, tempers flared and a mutual combat took place." *Id*. at 11. However, he does not direct us to any evidence whatsoever that would suggest that Tingle initiated the confrontation, willingly engaged in the scuffle, or at any point fought back against Fidell, nor does he suggest that he was acting in self-defense. Moreover, even if there had been such testimony, Fidell's argument would be a request that we reweigh the evidence, which we cannot do. *See Wilson*, 39 N.E.3d at 716.

Affirmed.

Barnes, J., and Mathias, J., concur.